IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| GUERRA & MOORE, LTD., LLP,       § | | |
|     Plaintiff,       § | | |
| § | | |
| V.       § | CIVIL NO. _____ | |
| § | | |
| MARCO A. CANTU, Debtor,       § | | |
| DALE S. KASOFSKY, and LAW       § | | |
| OFFICE OF DALE KASOFSKY, PC       § | | |
| as Successor-in-Interest to LAW       § | | |
| OFFICE OF DALE KASOFSKY, PLLC,       § | | |
|     Defendants.       § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW Guerra & Moore, Ltd, LLP, Plaintiff, complaining of an against Marco A. Cantu, Dale S. Kasofsky, and Law Office of Dale Kasofsky, PC, as successor-in-interest to Law Office of Dale Kasofsky, PLLC, Defendants, and file this their Plaintiff's Original Complaint, and for cause of action would respectfully show to the Court as follows:

1. Guerra & Moore, Ltd, LLP ("Guerra & Moore") is a Texas limited liability partnership. Guerra & Moore is a Creditor of Cantu, and holder of a judgment against Cantu.

2. Defendant Marco A. Cantu, Debtor, ("Cantu") is a Texas resident with principal place of residence in the Southern District of Texas, and is also doing business as Law Office of Mark A. Cantu. Defendant is a Debtor in Chapter 7. Cantu can be served with process at his home: 3106 Lakeshore Dr., Edinburg, Texas 78539, or at his usual place of business: 801 W. Nolana, Suite 321, McAllen, Texas 78504.

3.     Defendant Dale S. Kasofsky ("Kasofsky") is an attorney licensed to practice law in the State of Texas, with principal place of residence in the Southern District of Texas. Kasofsky can be served with process at his usual place of business: 801 W. Nolana, Suite 321, McAllen, Texas 78504.

4.     Defendant Law Office of Dale Kasofsky, PC ("LODK") is a Texas professional corporation with principal place of business in the Southern District of Texas. LODK is the successor entity of Law Office of Dale Kasofsky, PLLC, which was converted to a professional corporation on March 22, 2011. LODK can be served with process by serving its registered agent: Dale Kasofsky, 801 W. Nolana, Suite 321, McAllen, Texas 78504.

5.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1334. This is a proceeding "related to" a matter filed under Title 11.

6.     Venue is proper in the Southern District of Texas, McAllen Division, pursuant to 28 U.S.C. §1408, and 1392, because Debtor Cantu voluntarily filed bankruptcy in this District and Division, and there is a pending case involving Cantu filed under Title 11 in this District and Division. All Defendants' residences and/or principal places of business are located in this District and Division.

7.     On May 6, 2008, Debtor Cantu filed a voluntary petition for Chapter 11 protection (No. 08-70260; *In re Marco A. Cantu and Roxanne Cantu, Debtors*) for himself individually, his wife, and his wholly-owned corporation, Mar-Rox, Inc. On June 26, 2009, Debtor Cantu's Chapter 11 case was converted to a case under Chapter 7. Plaintiff to this case filed a complaint objecting to Debtor Cantu's discharge (09-07018; *Schmidt et al v. Cantu*) pursuant to 11 U.S.C. §727, and a final judgment was entered

denying Debtor Cantu's discharge on February 17, 2011. The judgment became final on March 3, 2011.  Debtor filed a motion to stay of the judgment denying his discharge, which was denied by memorandum opinion on March 15, 2011.

8. Creditor Guerra & Moore is the holder of a final judgment against Debtor Cantu in Cause No. 2005CVQ00954-D2; *Guerra & Moore, Ltd, LLP v. Mark Cantu d/b/a Law Office of Mark Cantu*; In the 111th District Court, Webb County, Texas.  Guerra & Moore's judgment is an allowed claim in the Cantu bankruptcy case, and is a non-appealable judgment.  Guerra & Moore's judgment totals in excess of $1.6 million.  Guerra & Moore's judgment against Cantu has been duly abstracted in the records of the Hidalgo County Clerk.

9. Debtor Cantu has operated a law office in McAllen, Texas during the pendency of his bankruptcy cases, and up to the present, under the name "Law Office of Mark A. Cantu."  Debtor Cantu's practice has been primarily a plaintiff's personal injury practice in which Cantu has a contingent fee interest in the cases he handles for clients.  Some of the cases in Cantu's portfolio of contingent fee cases were obtained by Cantu pre-petition, some were obtained during the pendency of Cantu's Chapter 11 case, and some were obtained post-conversion to Chapter 7.  Cantu's Bankruptcy Estate, and thus the Trustee, has an interest in some or all of the attorney's fees generated from the cases Cantu obtained pre-petition and those cases obtained during the pendency of Cantu's Chapter 11 case.  Plaintiff has an interest in the fees generated post-conversion in such cases.  The Trustee and Plaintiff have an interest in some of the attorney's fees generated by Cause No. CI-10-3422-F; *Nelda McDonald Arredondo et al v. Juan Martinez Diaz*; In the Hidalgo County Court at Law No. 6 and Cause No. DC-04-401;

*Josephine Navarro v. Aguilera Realestate Holdings d/b/a Aguilera's Pediatric Clinic*; In the 381st District Court, Starr County, Texas.  On information and belief, the Trustee *may* have an interest in some or all of the attorney's fees generated by Cause No. C-2135-09-C; *Aida Torres Soto v. Healthcare Unlimited, Inc. et al*; in the 139th District Court, Hidalgo County, Texas.  On or about March 4, 2011, Debtor Cantu transferred his interest in these cases to Dale Kasofsky and/or Law Office of Dale Kasofsky, PLLC, the latter of which has become LODK.  On information and belief, Cantu's transfers to Kasofsky and/or LODK were made for no consideration.

10.   In light of the denial of Cantu's discharge in his bankruptcy case, Creditor Guerra & Moore has an interest in the attorney's fees generated by the cases Cantu obtained post-conversion.  Under Texas law, attorney's fees are non-exempt property and subject to execution, levy and/or turnover.  Guerra & Moore has identified numerous cases obtained by Cantu post-conversion, and which are not property of the Estate, which were transferred to Kasofsky and/or LODK:

   a.   Cause No. Cl-10-2861-A; *Rene Juarez et al, v. Elizabeth P. Torres*, In the Hidalgo County Court at Law No. 1;
   b.   Cause No. Cl-10-3184-A; *Roman Jimenez v. John Warren Glover*; In the Hidalgo County Court at Law No. 1;
   c.   Cause No. Cl-10-3666-A; *Christina Medina et al. v. Aurora Figueroa*; In the Hidalgo County Court at Law No. 1;
   d.   Cause No. Cl-10-4244-B; *Miranda Jones v. Rigoberto Poulang-Mot*; In the Hidalgo County Court at Law No. 2;
   e.   Cause No. Cl-10-248-B; *Rodolfo Longoria v. Angel Leal;* In the Hidalgo County Court at Law No. 2;
   f.   Cause No. Cl-10-4241-E; *Mirla Valderas v. Lisa Marie Garcia*; In the Hidalgo County Court at Law No. 5;
   g.   Cause No. Cl-09-3545-E; *Miguel Angel Martinez v. Raquel Navarro*; In the Hidalgo County Court at Law No. 5;
   h.   Cause No. C-2725-10-B; *Alberto Garcia Araguz et al v. Francisco Rocha Gutierrez*; In the 93rd District Court, Hidalgo County, Texas;
   i.   Cause No. Cl-10-1511-E; *Juan Medina v. Javelina Construction South, Inc.;* In the Hidalgo County Court at Law No. 5;

    j.    Cause No. Cl-10-4247-F; *Marco Antonio Perez v. Jane Madden Beakey*; In the Hidalgo County Court at Law No. 6;

    k.    Cause No. Cl-10-3258-F; *Juan Delgado, Jr. et al v. Ruben D. Pena*; In the Hidalgo County Court at Law No. 6; and

    l.    Cause No. Cl-10-1958-E; *Rodolfo Trevino et al. v. Frank Flores et al*; In the Hidalgo County Court at Law No. 5

These cases, without prejudice to other cases potentially in existence, represent the bulk of Cantu's contingent fee cases with any reasonable likelihood of a contingent fee recovery by Cantu. On information and belief, Cantu transferred all of the above-referenced cases to Kasofsky and/or LODK, as successor to Law Office of Dale Kasofsky, PLLC, for no consideration and/or inadequate consideration. Cantu filed motions to transfer all these cases to Kasofsky and/or LODK on the same day, March 4, 2011, and the motions all recite that Cantu has maintained no attorney's fee interest in any of these case. Per Dale Kasofsky, Cantu had "no interest in these cases as of March 4," but "Cantu may re-earn an interest in these cases by doing subsequent work on them." This is clearly a ruse to claim that Cantu has no present interest in any of his cases, but to later pay money to Cantu in the future on these cases.

11.    Cantu is an insolvent debtor within the meaning of Tex. Bus. & Com. Code § 24.003(a). Pursuant to Tex. Bus. & Com. Code §24.006(a), Cantu's transfer of all cases identified in ¶10 of this Complaint to Kasofsky and/or LODK were fraudulent transfers, because Cantu did not receive reasonably equivalent value for the cases, and Cantu was insolvent at the time the transfers were made.

12.    Plaintiff Guerra & Moore seeks the following for Cantu's fraudulent transfers of his cases to Kasofsky and/or LODK:

    a.    avoidance of the transfers from Cantu to Kasofsky and/or LODK;

    b.    levy of execution on the assets transferred from Cantu to Kasofsky, or

upon their proceeds; and

    c.    recovery of the reasonable value of the assets transferred by Cantu to Kasofsky and/or LODK.

13. Plaintiff Guerra & Moore seeks the recovery of attorney's fees and costs, pursuant to Tex. Bus. & Com. Code §24.013.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that the Court cite Defendants to appear and answer, and that upon final hearing, the Court render judgment in favor of Plaintiff and against Defendants for: compensatory damages, attorney's fees, costs of Court, pre- and post-judgment interest, and all such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**GUERRA & MOORE, LTD., L.L.P**
4201 North McColl Rd.
McAllen, Texas 78504
(956) 618-3000 Phone
(956) 686-4200 Fax
By: \_\_\_\_\_/s/ David J. Lumber_____
    David J. Lumber
    Texas Bar No. 24002504
    S.D. Tex. No. 22085

**ATTORNEY FOR CREDITOR GUERRA & MOORE, LTD, LLP**